**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LYNNE THOMSPON, )<br>)<br>       Plaintiff, )<br>)<br>  vs. )<br>)<br>CHOICE AUTO SALES; LENNY )<br>HAUCK, General Manager; KURT, Owner )<br>of Choice Auto Sales; MURRYSVILLE )<br>POLICE DEPARTMENT; JOHN DEVLIN, )<br>Detective for the Murrysville Police Depart- )<br>ment, )<br>)<br>       Defendants. ) | Civil Action No. 12-925<br><br><br>Judge Arthur J. Schwab/<br>Magistrate Judge Maureen P. Kelly |

## REPORT AND RECOMMENDATION

## I.  RECOMMENDATION

It is respectfully recommended that the Plaintiff's Application for Leave to Proceed In

Forma Pauperis, ECF No. 1, be denied.

## II.  REPORT

Lynne Thompson,[1] ("Plaintiff") is a prisoner who previously filed several lawsuits, which

were dismissed as frivolous or for failure to state a claim upon which relief can be granted.  As a

consequence, she has acquired "three strikes," in contravention of 28 U.S.C. § 1915(g), and

cannot proceed *in forma pauperis* ("IFP") in the present case.

_____

[1]  The Court takes judicial notice of the fact that Lynne Thompson is also known as "Lynne
Lamar" and "Lynne L. Thompson" and "Lynne Lamar Thompson."

      http://inmatelocator.cor.state.pa.us/inmatelocatorweb/InmLocator.aspx

(site last visited 8/16/2012).  See also Lynne Lamar Thompson v. Plum Boro Administration,
No. 07-CV-26 (W.D. Pa. ECF No. 2 (Report recommending denial of IFP status to "Lynne
Lamar Thompson" and relying on cases filed by "Lynne Lamar").

It is a plaintiff's burden to prove entitlement to IFP status.  See White v. Gregory, 87

F.3d 429, 430 (10th Cir. 1996); New Assessment Program v. PNC Corp., No. Civ.A. 95-6059,

1995 WL 592588, at *1 (E.D. Pa. Oct. 3, 1995); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001)

("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of

the evidence.").

This Court takes judicial notice of court records and dockets of the federal courts located

in the Commonwealth of Pennsylvania as well as those of the United States Court of Appeals for

the Third Circuit.  DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is

entitled to take judicial notice of public records).  A review of the electronic dockets of these

courts reveals that Plaintiff has accumulated at least "three strikes" within the contemplation of

28 U.S.C. § 1915(g)[1] which provides in relevant part that

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding under this section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical injury.

In this case, Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g).[2]

Plaintiff's three strikes are as follows:  1) Lamar v. Onyundo, No. 95-CV-568  (W.D. Pa., ECF

No. 4 (R&R recommending dismissal of case as frivolous), and ECF No. 5 (Memorandum Order

adopting R&R)); 2) Lamar v. McDaniels No. 95-CV-640 (W.D. Pa., ECF No. 8 (R&R

recommending dismissal of case as frivolous), and ECF No. 5 (Memorandum Order adopting

---

[1]  Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001) (noting that  28 U.S.C. § 1915(g)
is "popularly known as the 'three strikes' rule"), cert. denied, 533 U.S. 953 (2001).

[2] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any
facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations
of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary
program."  28 U.S.C. § 1915(h).

R&R)); and 3) <u>Lamar v. Commonwealth of Pennsylvania and Judge McDaniel</u>, No. 97-CV-1566 (W.D. Pa., ECF No. 16 (R&R recommending grant of motions to dismiss for failure to state a claim), and ECF No. 17 (Memorandum Order adopting R&R)). In fact, Plaintiff has more than three strikes. <u>See</u> <u>also</u> <u>Lamar v. Packard</u>, No. 01-CV-1333 (W.D. Pa., ECF No. 3 (Memorandum Order dismissing complaint under 28 U.S.C. § 1915(d) for failure to state a claim); <u>Lamar v. Attorney-at-law Robert Marcus</u>, No. 02-CV-225 (W.D. Pa., ECF No. 3 (Memorandum Order dismissing complaint under 28 U.S.C. § 1915(d) as frivolous). Moreover, the United States Court of Appeals for the Third Circuit has found that Plaintiff has three strikes against her. <u>See</u>, <u>e.g.</u>, <u>Thompson v. Plum Boro Admin.</u>, No. 07-2278 (3d Cir.). Accordingly, because Plaintiff has at least three strikes, she may not proceed IFP. Furthermore, it is noted that Plaintiff has not alleged anything in the instant Complaint that would merit the grant of IFP even in those cases of prisoners who have three strikes.

Plaintiff's Complaint alleges only that Defendants falsely accused Plaintiff of stealing a car including theft by deception and that some of them testified falsely in court and that Detective John Devlin filed false charges against Plaintiff. Plaintiff alleged that these events occurred in the time frame of November, 2011 to January, 2012.

The Complaint fails to allege any danger of physical injury, yet alone, danger of physical injury that is imminent.

Because Plaintiff herein has failed to allege anything that would permit her to proceed IFP, the IFP motion should be denied. If the District Court adopts this recommendation, Plaintiff, of course, may thereafter pay the entire filing fee within a time certain or face dismissal of the Complaint for failure to prosecute.

## III. CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

/s/Maureen P. Kelly
MAUREEN P. KELLY
U.S. MAGISTRATE JUDGE

Date: August 24, 2012

cc:     The Honorable Arthur J. Schwab
        United States District Judge

        LYNNE THOMPSON
        OT 0636
        SCI Muncy
        P.O. Box 180
        Muncy, PA 17756